```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

HENRY HERNANDEZ,
      Petitioner,

      v.                    CIVIL ACTION NO.
                              14-13183-MBB

ESSEX COUNTY CORRECTION, et al.,
      Respondents.

## MEMORANDUM AND ORDER

### November 4, 2014

**BOWLER, U.S.M.J.**

    For the reasons stated below, petitioner will be granted additional time to file either an amended habeas petition or a civil rights complaint along with the applicable filing fee or motion for leave to proceed in forma pauperis.

### BACKGROUND

    Petitioner Henry Hernandez ("Hernandez"), now incarcerated at the Essex County Correctional Facility, filed a one-paragraph "Motion for Writ of Habeas Corpus." See Docket No. 1. Hernandez did not pay the filing fee or file a motion seeking leave to proceed in forma pauperis.[1]

    The case caption of the petition names as respondents: (1) Essex County Correction; and (2) Frank Cousins, Jr. Id. In the

---

    [1]A party bringing a civil action must either (1) pay the applicable filing fee ($5.00 for habeas petitions and $350 for civil complaints), see 28 U.S.C. § 1914(a) (fees); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).

accompanying affidavit, Hernandez avers that the correctional facility is violating his Eighth Amendment rights "because they are playing with a mental health patient['s] mind." See Docket No. 2.

**LEGAL STANDARD**

Although pro se pleadings must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972)(holding that pro se litigants are entitled to liberal construction of their pleadings), the Court is unable to treat Hernandez' pleading as both a habeas petition and civil rights complaint.

Relief by way of a writ of habeas corpus extends to a person in custody if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state prisoner's federal remedy for challenging the constitutional validity of his custody is a petition for writ of habeas corpus under § 2254 or § 2241, either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241).

As a general matter, a party may challenge the fact or duration of his custody only through a habeas petition and may not combine a request for release with claims for damages based

on the conditions of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484-499 (1973) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement whereas a civil rights action, in contrast, is the proper method of challenging "conditions of ... confinement); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical confinement.").

**DISCUSSION**

Here, Hernandez has not alleged any basis on which the Court could issue a writ of habeas corpus and he fails to indicate whether his habeas petition is brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254. If Hernandez wishes to pursue habeas relief, he will be granted additional time to file an Amended Petition for Writ of Habeas Corpus presenting a cognizable habeas claim along with the applicable $5.00 filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs.

To the extent Hernandez seeks to assert a civil rights claim for damages for the alleged violation of his Eighth Amendment rights, a claim for damages may be sought in a civil complaint.[2]

---

[2] 42 U.S.C. § 1983 provides that:
Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or

3

In order to commence a civil rights action seeking monetary damages, Hernandez must file a complaint. See Fed. R. Civ. P. 3. The complaint must contain a "short and plain statement" (1) of the grounds upon which the court's jurisdiction rests and (2) of the claim(s) showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The complaint must also contain a demand for judgment. Id. If Hernandez wishes to file civil rights complaint, he will be granted additional time to file such complaint accompanied by an Application to Proceed in District Court Without Prepaying Fees as well as a certified copy of his inmate account statement.[3]

**ORDER**

Accordingly, it is hereby ORDERED that:

1) If Hernandez wishes to proceed with this action, he must, within 42 days of the date of this Order, either file (1) an Amended Habeas Petition or (2) a Complaint

---

    the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

[3]Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of in forma pauperis status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from Hernandez' prison account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, Hernandez would remain obligated to pay the filing fee, see McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

4

>     accompanied by an Application to Proceed in District
>     Court Without Prepaying Fees as well as a certified
>     copy of his inmate account statement.
> 
> 2)  Failure to comply with this Memorandum and Order will
>     subject this action to dismissal without prejudice.[4]

SO ORDERED.

>                           /s/ Marianne B. Bowler, USMJ
>                           **MARIANNE B. BOWLER**
>                           United States Magistrate Judge

---

[4]This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Upon receipt of Hernandez' response to this Memorandum and Order, the undersigned may direct the reassignment of the case to a District Judge for further review of Plaintiff's response.